IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RENAUD DUBUISSON, JR.,
     Petitioner,

vs.	Case No.  4:05cv280/MMP/EMT

ALBERTO GONZALES, Attorney General,
     Respondent.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

     This matter is before the court on an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (Doc. 8).  Additionally, Petitioner has filed a motion to proceed in forma pauperis (Doc. 9), which shall be granted.  This court has not ordered service of the petition upon Respondent because, as discussed herein, summary dismissal of this action is warranted.

     Petitioner, an alien citizen of Haiti, currently is incarcerated at Jackson Correctional Institution in Malone, Florida.  In the instant action Petitioner challenges his final administrative order of removal to Haiti, contending that removal would violate Article 3 of the United Nations Convention Against Torture ("CAT") and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution (*see* Doc. 8).

     On May 11, 2005, Congress enacted the "REAL ID Act of 2005" ("Act"), which amends section 242 of the Immigration and Naturalization Act ("INA"), 8 U.S.C. § 1252, to place review of all final removal orders, for both criminal and non-criminal aliens, in the courts of appeals.  *See* 8 U.S.C. § 1252(a)(5), amended by REAL ID Act of 2005, Div. B, Sec. 106, Pub. L. No. 109-13, 119 Stat. 231 at 310-11.  More specifically, section 106(a)(1)(B) of the Act provides that the "sole and exclusive means for judicial review" of any claim under the CAT or of an order of removal shall be a petition for review filed with an appropriate court of appeals.  In addition, section 106(b)

provides that the amendments to the INA are effective "upon the date of enactment" and apply to cases in which the final administrative order of removal, deportation, or exclusion was issued "before, on, or after the date of enactment of this division."

In the instant case, Petitioner challenges a final order of removal, issued by an immigration judge in Miami, Florida, on June 17, 2003, as violative of the CAT and the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. In accordance with section 106 of the REAL ID Act, jurisdiction of this action lies not with the district court, but with the Eleventh Circuit Court of Appeals.

Accordingly it is **ORDERED**:

Petitioner's motion to proceed in forma pauperis (Doc. 9) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That the amended petition for writ of habeas corpus (Doc. 8) be **DISMISSED** for lack of jurisdiction pursuant to section 106(a)(1)(B) of the REAL ID Act.

At Pensacola, Florida, this 29th day of December 2005.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these findings and recommendations may be filed within ten (10) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 4:05cv280/MMP/EMT